UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KIRA B. CHRISTENSEN,

        Plaintiff,

   v.

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC, AMERICAN HOME
MORTGAGE SERVICING, INC,
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR
AMERICAN HOME MORTGAGE ASSETS
TRUST 2006-1 MORTGAGE-BACKED
PASS THROUGH CERTIFICATES,
SERIES 2006-1, AND DOES 2
THROUGH 100, INCLUSIVE.

        Defendants.

NO. CIV. S-10-1024 FCD/KJN

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motions of American Home Mortgage Acceptance, Inc. ("AHMA"), American Home Mortgage Servicing Inc. ("AHMSI"), and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "defendants") to dismiss Kira B. Christensen's ("plaintiff") complaint ("Compl.") pursuant

to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  Defendants also move to strike plaintiff's request for punitive damages and attorneys' fees.[1]  Plaintiff opposes the motions.  For the reasons set forth below, defendants' motions to dismiss are GRANTED.[2]  (Docket #s 6, 10.)

## BACKGROUND

Plaintiff executed an Adjustable Rate Note in November 2005 with lender AHMA, through broker James Becker, in the amount of $1,620,000.  (Pl.'s Compl. ("Compl."), filed April 27, 2010 (Docket #1), ¶ 11.); (Def.'s Mot Dismiss ("MTD"), filed May 4, 2010 (Docket #6), 9.)  This note was exectued to refinance the existing mortgage on plaintiff's property, located in Sacramento, CA, at 511 Knightsbridge Lane ("the Property").  Plaintiff alleges Becker, at the consummation of the loan, knowingly entered false information relating to plaintiff's monthly income, misstated the value of the property, and misrepresented, *inter alia*, the desirability of the loan, the loan's premium, and plaintiff's ability to modify the loan in the future.  (Compl. ¶¶ 13, 1-6; 24, A-L.)  Plaintiff further characterizes these practices as "predatory lending."  (Id. at ¶ 22);(Pl.'s Opp.'n to Def.'s Mot Dismiss ("Opp.'n"), filed June 4, 2010 (Docket #9), 2.)

---

[1] Because the court dismisses all claims against defendants, the court does not address the merits of their motions to strike.

[2] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

1    Plaintiff believes AHMA and AHMSI should be liable for
2 Becker's actions based on an agency relationship between
3 defendants and Becker, and by virtue of the fact that defendants
4 "participated in," "were aware of," and "should have been aware
5 of" Becker's "acts or omissions," and because "[defendants] did
6 not verify the plaintiff[']s correct income" prior to the
7 consummation of the loan.  (Id. at ¶ 14, a-d.)

8    Plaintiff contends, on information and belief, that AHMSI
9 was created, subsequent to her refinance through AHMA, as a
10 result of AHMA's Chapter 11 Bankruptcy restructuring (Opp.'n at
11 2), and that AHMSI is the "assignee, successor and servicer of to
12 the said loan [sic] and current beneficiary under the deed of
13 trust." (Compl. ¶ 7).  Further, plaintiff alleges that AHMA and
14 AHMSI are "the same entity . . . for legal purposes."  (Opp.'n at
15 2.)  In August 2009, AHMA assigned the Deed of Trust relating to
16 the Property to Deutsche Bank National Trust Company.

**STANDARD**

18    Under FRCP 8(a), a pleading must contain "a short and plain
19 statement of the claim showing that the pleader is entitled to
20 relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
21 Under notice pleading in federal court, the complaint must "give
22 the defendant fair notice of what the claim is and the grounds
23 upon which it rests."  Bell Atlantic v. Twombly, 550 U.S. 544,
24 555 (2007) (internal quotations omitted).  "This simplified
25 notice pleading standard relies on liberal discovery rules and
26 summary judgment motions to define disputed facts and issues and
27 to dispose of unmeritorious claims."  Swierkiewicz v. Sorema
28 N.A., 534 U.S. 506, 512 (2002).

3

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief. Twombley, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

4

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

**ANALYSIS**

As a threshold matter, the court must determine whether plaintiff's claims for relief are timely filed. If they are not, and plaintiff cannot allege facts sufficient to invoke the doctrine of equitable tolling, plaintiff's claims must be dismissed.[3]

"Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). "If a reasonable plaintiff would not have known of the existence of a possible

---

[3] While the parties' papers focus primarily on the substantive merits of plaintiff's claims for relief, the statute of limitations question is, nonetheless, the threshold issue that must be resolved. If plaintiff's claims are time barred, the court need not reach the other bases for defendants' motions to dismiss.

5

claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." <u>Id.</u>

Here, plaintiff's claims for relief are facially time barred. The loan in question was consummated in November 2005, and this action was brought in March 2010, well over four years later. All of plaintiff's claims have a statute of limitations of four years or less. Cal. Code Civ. Proc. § 343 ("An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued.") The statute of limitations for breach of contract and breach of implied covenant of good faith and fair dealing is four years. <u>Id.</u> at § 337(1). Claims for fraud have a three year statute of limitations. <u>Id.</u> at § 338(d). Claims for breach of fiduciary duty, when based on fraud, have a three-year statute of limitations. <u>Brown v. Option One Mortg. Corp.</u>, 2010 WL 1267774, at *2 (N.D. Cal. Apr. 1, 2010)(citing <u>City of Vista v. Robert Thomas Securities, Inc.</u>, 84 Cal. App. 4th 882, 889 (2000)). Claims for negligence have a two-year statute of limitations. Cal. Code Civ. Proc. § 335.1. As such, each of plaintiff's claims is barred by the statute of limitations.

Plaintiff attempts to bypass the statutory limitations, alleging the "misrepresentations and allegations" that form the basis of her claims for relief "were all discovered within the past year." (Comp. ¶ 27.) In other words, plaintiff asserts that she was unaware of the facts giving rise to her claims until the past year. Thus, plaintiff alleges, "any applicable statute of limitations are extended or should be extended pursuant to the

6

equitable tolling doctrine, or other equitable principles or by law." (Id.)  However, this bare contention, without more, is insufficient to toll the statute of limitations.  See Rosales v. Downey S&L Ass'n, F.A., 2009 U.S. Dist. LEXIS 15923 (S.D. Cal Mar. 2, 2009) (declining to allow equitable tolling due to the plaintiff's conclusory allegations and failure to explain, with adequate specificity, *why* the statute should be tolled).

Here, plaintiff fails to demonstrate that she was unable to obtain the information needed to file her claim until after the statutory period.  Plaintiff's claims are premised on the alleged wrongful conduct that took place at the *origination* of her loan, including, *inter alia*, misstating her monthly income, excessive fees, abusive prepayment penalties, kickbacks to brokers, and over valuation of the property.  Plaintiff fails to demonstrate why she was unable to discover these alleged inaccuracies and omissions at that time or within the applicable statutory periods.  Further, the facts before the court indicate that plaintiff was aware of some, if not all, of the alleged wrongful conduct at the time of origination.  By her own declaration, plaintiff concedes she was aware, at the consummation of the loan, that the documents incorrectly listed her income as $60,000, yet she failed to file her complaint until over four years later. (Dec. Of Kira B. Christensen, filed April 27, 2010 (Docket #1), ¶¶ 16-20.)  Further, plaintiff's conclusory and factually void statement that defendants' misrepresentations, omissions and acts were "purposefully hidden from [her] to prevent discovering the true nature of the transaction" (Compl. ¶ 25) is insufficient to invoke equitable tolling, as is

plaintiff's appeal to her reliance on an alleged fiduciary relationship with her broker and defendants.  See Rosales, 2009 U.S. Dist. LEXIS 15923; See generally Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(holding, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

Because plaintiff presents no facts to demonstrate the applicability of equitable tolling to her facially time barred claims for relief, defendants' motions to dismiss plaintiff's complaint are GRANTED.[4]

**CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss plaintiff's complaint are GRANTED.  Plaintiff is granted twenty (20) days from the date of this order to file an amended complaint in accordance with this order.  Defendants are granted thirty (30) days from the date of service of plaintiff's amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: August 3, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because plaintiff's claim for relief based on violations of California Business & Professions Code § 17200 is predicated on the success of her other claims (Compl. ¶¶ 57-59), it is also dismissed with leave to amend.