UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KIRA B. CHRISTENSEN,

        Plaintiff,

   v.

AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-1 MORTGAGE-BACKED PASS THROUGH CERTIFICATES, SERIES 2006-1 and DOES 1 THROUGH 100, INCLUSIVE,

        Defendants.

NO. CIV. 2:10-CV-01024-FCD-KJN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of defendants' American Home Mortgage Servicing, Inc. ("AHMSI") and Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for American Home Mortgage Assets Trust, (collectively "defendants") to dismiss plaintiff Kira B. Christensen's ("plaintiff" or "Christensen") first amended complaint ("FAC") pursuant to

1

Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b).[1] Plaintiff opposes the motion.[2]  For the reasons set forth below, defendants' motion is GRANTED.[3]

**BACKGROUND**

Plaintiff is the owner of a property located in Sacramento, Ca., at 511 Knightsbridge Lane ("the property").  (Pl.'s First Am. Compl. ("Compl."), filed Aug. 23, 2010, ¶ 11).  In 2005 plaintiff, through her broker James Becker ("Becker"), submitted an application to American Home Mortgage Acceptance, Inc. ("AHMA") to refinance the existing loan secured by a deed of trust against the property.  (Compl. ¶ 12).  Plaintiff alleges that, at the consummation of the loan, Becker knowingly entered false information on the application relating to plaintiff's monthly income, misstated the value of the property, and misrepresented, *inter alia*, the desirability of the loan, the loan's premium, and plaintiff's ability to modify the loan in the future.  (Compl. ¶¶ 13-14).  Plaintiff characterizes these practices as predatory.  (Compl. ¶ 21).  Plaintiff alleges that defendants had a duty to verify the accuracy of the information on the loan application, the true value of the property, and the information given to plaintiff by Becker regarding refinancing

---

[1] Defendants also move to strike plaintiff's request for punitive damages and attorneys' fees.  Because the court dismisses all claims against defendants, the court does not address the merits of their motion to strike.

[2] The court also construes plaintiff's opposition as a motion for leave to amend the complaint.

[3] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

the loan if she was not satisfied.  (Compl. ¶¶ 16, 14(6)).

 Plaintiff asserts that AHMA was the original lender and that both AHMSI and Deutsche Bank are assignees, successors, and servicers of the loan and current beneficiaries under the deed of trust.  (Compl. ¶¶ 6-8).  Additionally, plaintiff contends, on information and belief, that at all relevant times defendants were, and still are, agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.  (Id. ¶ 10).  Plaintiff believes that defendants should be liable for Becker's actions based on an agency relationship between the defendants and Becker, and because defendants "participated in," "were aware of," or "should have been aware of" Becker's acts or omissions and because defendants did not verify the plaintiff's correct income prior to the consummation of the loan.  (Compl. ¶¶ 13, 15).

 Plaintiff originally filed a complaint against defendants in April 2010.  On August 3, 2010, the court granted defendants' motion to dismiss because it concluded that plaintiff did not allege any facts to demonstrate the applicability of equitable tolling to her facially time barred claims for relief.  Plaintiff filed her FAC on August 23, 2010 seeking damages and injunctive and equitable relief.  (Id. ¶ 4).

### STANDARD

 Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts

3

alleged under a cognizable legal theory. <u>Johnson v. Riverside Healthcare Sys.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008); <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).

On a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true. <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can

4

prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950.

**ANALYSIS**

**A.   Motion to Dismiss**

Defendants argue that plaintiff's FAC does not cure the defects previously noted by the court, and furthermore, that the FAC does not state "any additional facts that are sufficient to invoke equitable tolling." (Defs.' Mot. Dismiss ["Mot."], filed Sep. 9, 2010, at 6). Plaintiff does not substantively oppose defendants' contention, but "notifies the [c]ourt of its intent to file a Second Amended Complaint."[4] (Pl.'s Opp'n ["Opp'n."],

---

[4]   Because plaintiff cannot file a Second Amended Complaint as a matter of course, the court will construe this as a motion for leave to amend the FAC.

5

filed Sep. 24, 2010, at 2).

The application of the equitable tolling doctrine is dependant on the plaintiff's "excusable ignorance of the limitations period" and lack of prejudice to the defendant. Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). It is well established that the doctrine of equitable tolling may be applied in circumstances where a plaintiff's failure to comply with the time limitations was because he had neither actual nor constructive notice of the claim within the filing period. Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997); see Santa Maria, 202 F.3d at 1178 ("If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs."). Equitable tolling focuses on the plaintiff's excusable ignorance, but the doctrine is not available to avoid the consequences of a plaintiff's own negligence. Lehman v. U.S., 154 F.3d 1010, 1016 (9th Cir. 1998); see Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992) (noting that courts are generally unforgiving when a civil action is filed late due to the claimant's failure to "exercise due diligence in preserving his legal rights") (citations omitted).

Like plaintiff's original complaint, the allegations in the FAC fail to demonstrate that she was unable to obtain the information needed to file her claim until after the alleged statutory period. Plaintiff's claims are premised on the alleged wrongful conduct that took place at the *origination* of her loan,

including, *inter alia*, misstating her monthly income, excessive fees, abusive prepayment penalties, kickbacks to brokers, and over valuation of the property. (See Compl.¶ 11-33). Plaintiff further alleges that all the misrepresentations and allegations made were discovered within the past year and that she was not aware until within a year before filing the instant lawsuit that overstating her income was wrongful or that the bank did not verify her income with the IRS. (Id. ¶ 28). However, as noted by the court in the previous order, there are facts which indicate that plaintiff was aware of at least some, if not all, of the alleged wrongful conduct at the time the loan originated. Plaintiff acknowledges that she "was aware at the time the application was submitted that it indicated income that was grossly incorrectly overstated" and alleges that she questioned the broker about the overstatement. (Id.). The court finds plaintiff's allegations claiming that she discovered the misrepresentations within the past year insufficient to establish a factual predicate for plaintiff's excusable ignorance of the statute of limitations period.

Because plaintiff's allegations fail to demonstrate the applicability of equitable tolling to her facially time barred claims for relief, defendants' motion to dismiss plaintiff's complaint is GRANTED.[5]

**B.   Leave to Amend**

Plaintiff seeks leave to amend her FAC based on her

---

[5] Because plaintiff did not allege sufficient facts to support the doctrine of equitable tolling, the court need not reach the other grounds for defendants' motion to dismiss.

7

assertion that the "continuing tort doctrine" applies in the instant action. Specifically, plaintiff relies on Wyatt v. Union Mortgage Company, 24 Cal. 3d 773 (1979), to support her assertion that the "continuing tort doctrine" tolls the statute of limitations in the instant action. (Opp'n at 4). Defendants assert that plaintiff has already been given an opportunity to overcome the court's finding that her claims are time barred and that additional amendments in the instant action would be futile. (Defs.' Reply ["Reply"], filed Sep. 30, 2010, at 3). Defendants argue that plaintiff cannot rely on the "last overt act" doctrine accepted in Wyatt because she did not allege a conspiracy between the defendants in the FAC. (Reply at 5).

Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

The court finds plaintiff's reliance on Wyatt unpersuasive. (See Opp'n at 4). In Wyatt the court tolled the statute of limitations for the respondents' claims and held that the final payment on the 1970 loan was the "last overt act" in defendants' conspiracy to defraud the respondents. 24 Cal. 3d at 786. Plaintiff asserts that the civil conspiracy at issue in Wyatt is analogous to her case because it is a tort, like her negligence and fraud claims. (Opp'n at 4). However, the court in Wyatt expressly noted that its acceptance of the "last overt act" doctrine did *not* mean it accepted the view that civil conspiracy

1  is, by itself, a tort. 24 Cal. 3d at 787 n.4.  Rather, the court
2  noted, "it is precisely because the civil conspiracy is *not* a
3  tort or a cause of action itself that the tolling of the statute
4  of limitations on the underlying torts in this case becomes
5  relevant at all."  Id. (emphasis added).  Therefore, Wyatt does
6  not provide support for plaintiff's application of the
7  "continuing tort doctrine" to toll the statute of limitations in
8  the instant action.
9       Nonetheless, at this stage in the litigation, based on the
10 limited briefing on the issue, the court cannot determine that
11 amendment would be futile.  Because under Rule 15 leave to amend
12 shall be freely given, the court grants plaintiff leave to amend
13 to allege a sufficient factual predicate to support the
14 application of the continuing tort doctrine to her facially time
15 barred claims for relief.[6]

## CONCLUSION

17      For the foregoing reasons, defendants' motion to
18 dismiss is GRANTED.  Plaintiff shall file a second amended
19 complaint in accordance with this order within twenty (20) days
20 of the date of this order.  Defendants shall have twenty (20)
21 days after service thereof to file a response.
22      IT IS SO ORDERED.
23 DATED: October 18, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Nothing in this order prevents defendants from filing a motion to dismiss based on the applicability of the "continuing tort doctrine" to plaintiff's claims.

9