UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KIRA B. CHRISTENSEN,

        Plaintiff,

    v.

AMERICAN HOME MORTGAGE
SERVICING, INC., DEUTSCHE BANK
NATIONAL TRUST COMPANY AS
TRUSTEE FOR AMERICAN HOME
MORTGAGE ASSETS TRUST 2006-1
MORTGAGE-BACKED PASS THROUGH
CERTIFICATES, SERIES 2006-1
and DOES 1 THROUGH 100,
INCLUSIVE,

        Defendants.

NO. CIV. 2:10-CV-01024-FCD-KJN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of defendants' American Home Mortgage Servicing, Inc. ("AHMSI"), Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for American Home Mortgage Assets Trust (collectively "defendants", and Mortgage Electronic Registration Systems, Inc. ("MERS") to dismiss plaintiff Kira B. Christensen's ("plaintiff" or "Christensen") second amended complaint ("SAC") pursuant to

Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b).[1]

Plaintiff opposes the motion.[2]  For the reasons set forth below,

defendants' motion is GRANTED.[3]

## BACKGROUND[4]

Plaintiff originally filed a complaint against defendants in

April 2010 arising out of allegations that defendants knowingly

entered false information on the application relating to

plaintiff's monthly income, misstated the value of the property,

and misrepresented, *inter alia*, the desirability of the loan, the

loan's premium, and plaintiff's ability to modify the loan in the

future.  On August 3, 2010, the court granted defendants' motion

to dismiss because it concluded that plaintiff did not allege any

facts to demonstrate the applicability of equitable tolling to

---

[1]      Defendants also move to strike plaintiff's request for punitive damages and attorneys' fees.  Because the court dismisses all claims against defendants, the court does not address the merits of their motion to strike.

[2]      Plaintiff simultaneously filed a dismissal of her fifth and sixth claims for relief for violation of Civil Code § 2923.5 and for declaratory relief against all defendants and a dismissal of all claims against defendant MERS pursuant to Federal Rule of Civil Procedure Rule 41(a)(1).  <u>See</u> Fed. R. Civ. Proc. 41(a) (providing that a plaintiff may dismiss an action where the opposing party has not filed an answer or a motion for summary judgment); <u>Swedberg v. Marotzke</u>, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).  Plaintiff's request to dismiss her fifth and sixth claims for relief against all defendants and to dismiss all claims against defendant MERS is granted without prejudice.

[3]      Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

[4]      The factual allegations in the complaint are set forth fully in the court's orders on defendants' two prior motions to dismiss.  (<u>See</u> Mem. & Order [Docket #20], filed Aug. 3, 2010; Mem. & Order [Docket #27], filed Oct. 19, 2010.)

her facially time barred claims for relief.  Plaintiff filed her
first amended complaint on August 23, 2010.  The court again
granted defendants' motion to dismiss, concluding that plaintiff
had failed to allege facts supporting equitable tolling and
rejecting plaintiff's legally unsupported argument that the
continuing violation doctrine applied to her claims.[5]  On
November 5, 2010, plaintiff filed a second amended complaint,
alleging that equitable tolling should apply even though she knew
the representations on the application were false at the time of
the origination of the loan because she did not know it gave rise
to a possible claim.  (See Second Am. Compl. ("SAC"), filed Nov.
5, 2010, ¶¶ 32-34.)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may
be dismissed because of the plaintiff's "failure to state a claim
upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A
dismissal under Rule 12(b)(6) may be based on the lack of a
cognizable legal theory or on the absence of sufficient facts
alleged under a cognizable legal theory.  Johnson v. Riverside
Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v.
Block, 250 F.3d 729, 732 (9th Cir. 2001).  On a 12(b)(6) motion
to dismiss, the factual allegations of the complaint must be
accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The
court is bound to give plaintiff the benefit of every reasonable
inference to be drawn from the "well-pleaded" allegations of the
complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S.

---

[5]    Plaintiff expressly noted in her opposition that she
did not amend her complaint to allege facts supporting the
application of the continuing tort doctrine.  (Pl.'s Opp'n, filed
Jan. 3, 2011, at 6.)

746, 753 n.6 (1963).

A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

The application of the equitable tolling doctrine is dependant on the plaintiff's "excusable ignorance of the limitations period" and lack of prejudice to the defendant. Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). It is well established that the doctrine of equitable tolling may be applied in circumstances where a plaintiff's failure to comply with the time limitations was because he had neither actual nor constructive notice of the factual basis for the claim within the

4

1   filing period.  <u>Leorna v. U.S. Dep't of State</u>, 105 F.3d 548, 551
2   (9th Cir. 1997); <u>see</u> <u>Santa Maria</u>, 202 F.3d at 1178 ("If a
3   reasonable plaintiff would not have known of the existence of a
4   possible claim within the limitations period, then equitable
5   tolling will serve to extend the statute of limitations for
6   filing suit until the plaintiff can gather what information he
7   needs.").  Equitable tolling focuses on the plaintiff's excusable
8   ignorance, but the doctrine is not available to avoid the
9   consequences of a plaintiff's own negligence.  <u>Lehman v. U.S.</u>,
10  154 F.3d 1010, 1016 (9th Cir. 1998); <u>see</u> <u>Scholar v. Pacific Bell</u>,
11  963 F.2d 264, 268 (9th Cir. 1992) (noting that courts are
12  generally unforgiving when a civil action is filed late due to
13  the claimant's failure to "exercise due diligence in preserving
14  his legal rights") (citations omitted).

15      Like plaintiff's original and first amended complaint, the
16  allegations in the SAC fail to demonstrate that plaintiff was
17  unable to obtain the information needed to file her claim until
18  after the alleged statutory period.  Plaintiff's claims are
19  premised on the alleged wrongful conduct that took place at the
20  *origination* of her loan, including, *inter alia*, misstating her
21  monthly income, excessive fees, abusive prepayment penalties,
22  kickbacks to brokers, and over valuation of the property.  (<u>See</u>
23  SAC ¶ 11-33).  Indeed, plaintiff alleges that "she had some
24  misgivings" and raised "concern" regarding the overstatement of
25  her income at the time the application was filed.  (<u>Id.</u> ¶ 28.)
26  Plaintiff, however, simultaneously alleges that all the
27  misrepresentations and allegations made were discovered within
28  the past year and that she was not aware until within a year

before filing the instant lawsuit that overstating her income was wrongful or that the bank did not verify her income with the IRS. (<u>Id.</u> ¶¶ 28, 31).

As noted by the court in its previous orders, plaintiff's allegations demonstrate that she was aware of at least some, if not all, of the alleged wrongful conduct at the time the loan originated.  Plaintiff acknowledges that she "was aware at the time the application was submitted that it indicated income that was grossly incorrectly overstated." (<u>Id.</u> ¶ 28).  Plaintiff does not allege that she did not receive documentation regarding her loan; rather, she conclusorily asserts that review was not reasonable because "the documents were of such a voluminous nature that a reasonable person would not be expected to have them independently reviewed by additional experts beyond her broker." (<u>Id.</u> ¶ 30).

Accepting the allegations in plaintiff's complaint as true and drawing all reasonable inferences therefrom, the court cannot conclude that plaintiff's allegations are sufficient to establish a factual predicate for plaintiff's excusable ignorance of the factual basis for her claim or the applicable statute of limitations period.  Because plaintiff's allegations fail to demonstrate the applicability of equitable tolling to her facially time barred claims for relief, defendants' motion to dismiss plaintiff's complaint is GRANTED.[6]

---

[6]   In her opposition, plaintiff represents that there are no further facts that can be pled in support of a theory of equitable tolling.  Accordingly, the dismissal of plaintiff's first four claims for relief is granted with prejudice.

Because plaintiff did not allege sufficient facts to support

1    The clerk of Court is directed to close this case.

2    IT IS SO ORDERED.

3    DATED: January 7, 2011

4    _____

5    FRANK C. DAMRELL, JR.
     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

28    the doctrine of equitable tolling, the court need not reach the
      other grounds for defendants' motion to dismiss.